**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Tremere Charles GREEN, a/k/a**
**Tremere Charles Trice,**
**Defendant—Appellant.**

**No. 05–50372.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 6, 2006.*

Decided June 8, 2006.

Kevin Lally, Esq., Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Dale Michael Rubin, Esq., San Marino, CA, for Defendant–Appellant.

Before: REINHARDT, TROTT, and MCKEOWN, Circuit Judges.

MEMORANDUM **

Tremere Green appeals his conviction under 18 U.S.C. § 922(g)(1). We affirm.

Green was convicted of being a felon in possession of a firearm and ammunition in

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

violation of 18 U.S.C. § 922(g)(1). He contends that the government's use in its criminal investigation of his non-legal telephone conversations—recorded while he was being held in pre-trial custody at the Metropolitan Detention Center ("MDC")—violated the Fourth Amendment and Title III of the Omnibus Crime Control and Safe Streets Act of 1968 ("Title III").

This case is directly controlled by *United States v. Van Poyck*, 77 F.3d 285 (9th Cir.1996), in which we held that persons in custody pending trial have no reasonable expectation of privacy in outbound calls made from detention facilities. *Id.* at 291. Even if the Fourth Amendment otherwise would bar use of the interceptions, we would find, as we did in *Van Poyck*, that Green's consent to the taping of his phone calls vitiated his Fourth Amendment claim. *Id.* In *Van Poyck*, we also held when presented with a nearly identical claim that two exceptions to Title III were applicable. *Id.* at 291–92. The same two exceptions—the "law enforcement" exception and the consent exception—apply here; therefore, there was no violation of Title III.

Green's claim that the MDC disclosed the tape recorded calls to the prosecution, which then used the recordings in its investigation, does not distinguish his claim from that in *Van Poyck* in any material respect; nor does it otherwise provide a basis for establishing a violation of either the Fourth Amendment or Title III. Accordingly, Green's conviction under 18 U.S.C. § 922(g)(1) is AFFIRMED.